UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN PARKER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>SAVAGE FUELING CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 1:17-cv-397 (GTS/CFH)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**216(b) COLLECTIVE ACTION & RULE 23 CLASS ACTION**

### I. SUMMARY

1. Plaintiff and the employees he seeks to represent are current and former employees of Defendant Savage Fueling Corporation (hereinafter referred to as "Savage" and/or "Defendant") who worked as Fuel Technicians within the past six (6) years. Defendant knowingly, deliberately, and voluntarily failed to pay its Fuel Technicians for all hours worked over forty in a workweek at the federal and state mandated overtime rate.

2. Plaintiff seeks to recover unpaid wages and other damages owed under the Fair Labor Standards Act (FLSA) as a 29 U.S.C. 216(b) collective action and the New York Labor Law (NYLL) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### II. JURISDICTION & VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and

pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The Northern District of New York has personal jurisdiction over Defendant because it does business in New York and in this judicial district. Additionally, Plaintiff lives and works in the Northern District of New York.

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, including many of the wrongs herein alleged.

6. The proposed class action includes a total number of plaintiffs in excess of 100.

7. The amount in controversy, once the individual claims are aggregated, is in excess of $5,000,000, exclusive of interests and costs.

8. The named Plaintiff is a resident of a state that is different than the state of residence of Defendant.

### III. PARTIES

9. At all times relevant herein, Plaintiff John Parker was an employee of Defendant. Plaintiff's employment with Defendant as a Fuel Technician began on or about January 2, 2014 and ended on or about October 5, 2016. Plaintiff is a resident of Albany County, New York. During his employment with Defendant, Plaintiff regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by Federal and New York law.

10. Plaintiff's consent to sue form is attached hereto as Exhibit A.

11. Plaintiff and all other Fuel Technicians were subject to a compensation policy instituted by the Defendant which, by its terms, did not legally compensate them for all hours worked at the federally and New York mandated overtime rate.

12. The Class Members are current and former Fuel Technicians of the Defendant who were not paid overtime at the statutory rate directed by the FLSA and the NYLL.

13. At all relevant times, Plaintiff and the Class Members were "employees" of the Defendant as defined by 29 U.S.C. § 203(e) and NYLL §§ 190(2) and 651(5).

14. Defendant Savage Fueling Corporation is a corporation organized under the laws of Utah with its corporate headquarters at 901 West Legacy Center Way, Midvale, Utah 84047. Defendant's registered agent for service of process in New York is CT Corporation System, 111 Eight Avenue, New York, New York 10011.

15. At all relevant times, Defendant was and is an "employer" of Plaintiff and Class Members as defined by 29 U.S.C. § 203(d) and NYLL §§190(3) and 651(6).

## IV. FACTS

16. Defendant is in the business of supply chain management solutions and industrial services tailored to meet the needs of its customers across a variety of industries including electric power generation, coal production, oil refining, railroads, chemicals, and others. Defendant provides its services not just throughout the Northern District of New York and the state of New York, but globally. Defendant's operations include over 200 locations and more than 3,000 employees in North America and internationally. It is organized into three business groups and support services: Oil & Gas Solutions Group, Refinery & Power Solutions Group, and the Rail, Industry & Chemicals Logistics Group.

17. To provide fueling services to its customers, Defendant employs Fuel Technicians. All

of its Fuel Technicians perform the same basic job functions, namely the transportation and delivery of fuel to customer at rail yards. Plaintiff transported fuel intrastate from a storage terminal owned and operated by a refinery/fuel distributor (e.g., Global or Citgo Petroleum) to Defendant's customers. At no time did Plaintiff travel across state lines.

18. Specifically, all transportation by Fuel Technicians was confined to points in a single state from a storage terminal of commodities which had prior movement by rail, pipeline, motor or water from an origin of different state by a shipper who had no fixed and persistent transportation intent beyond the terminal storage point at the time of shipment.

19. Within the applicable limitations periods, Defendant has employed more than 100 Fuel Technicians in New York and nationwide.

20. Defendant pays its Fuel Technicians hourly plus shift pay. Specifically, Defendant pays Fuel Technicians "Regular" and "Hourly Pay." In addition to the aforementioned, Defendant pays its Fuel Technicians "Shift Pay," "Other Pay," and non-discretionary "S-7 Bonus" payments. Defendant does not pay its Fuel Technicians the legally required premium overtime pay when its employees work over forty hours in a workweek. In the case of Plaintiff, he did not receive overtime pay when he regularly worked (on average subject to fluctuation) 60 hours a week. Moreover, Defendant failed to take into account all the aforementioned remunerations paid when calculating the regular and overtime rates due to its Fuel Technicians.

21. Defendant's Fuel Technicians are entitled to overtime for each hour worked in excess of forty in a workweek. However, Defendant failed to compensate its Fuel Technicians as required by New York and the FLSA.

22. Finally, when a Fuel Technician works more than ten hours in a single work day, he is not paid according to the New York Department of Labor spread of hour regulations.

N.Y. COMP.CODES R. & REGS. tit. 12, § 142-2.4.

## V. COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as a Fuel Technician within three (3) years from the commencement of this action up to the present who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

24.     Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiff because his claims are similar to the claims of the putative plaintiffs of the representative action.

25.     Plaintiff is similarly situated to the putative Plaintiffs working as Fuel Technicians for Defendant. They were subject to Defendant's common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA. Plaintiff and the putative plaintiffs were victims of a common policy or plan that violated the law.

26.     The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to these individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## VI. CLASS ACTION ALLEGATIONS

27.     The claims arising under the New York State Labor Law are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

28.     Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and seeks to certify a class

as follows:

> **All Fuel Technicians employed by Defendant in New York during the six years prior to the commencement of this suit up to the present.**

29. Defendant's policy of failing to pay overtime affects members of the Class in a substantially similar manner. Plaintiff and the Class Members have claims based on the same legal and remedial theories. Plaintiff and Class Members have claims based on the same facts. Plaintiff's claims are therefore typical of the Class Members.

30. Although Plaintiff does not know the precise number of members of the proposed class, there are hundreds and the members of the class are numerous and geographically dispersed across the state so that joinder is impracticable. The identity of the members of the class is readily discernible from Defendant's records.

31. Plaintiff and the Class Members on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

32. If individual actions were required to be brought by each of the similarly-situated persons affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class Members are entitled.

33. There are questions of law and fact that are common to all members of the proposed class, and these questions predominate over any question affecting only individual class members.

34. Plaintiff will fairly and adequately protect the interests of the proposed class in the

prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed classes. Plaintiff is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

35. The Class Action is a superior form to resolve the NYLL claims because of the common nucleus of operative fact centered on the continued failure of Defendant to pay Fuel Technicians according the provisions of the NYLL and the FLSA.

36. The Fuel Technicians herein seeking class status are seeking to remedy a common legal grievance.

37. Defendant's policy of refusing to pay legally required wages to its employees provides a common factual and causal link between all the Class Members which positions them in opposition to Defendant.

38. In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting in inconsistent judgments pertaining to the Defendant's policies.

## VII. CAUSES OF ACTION
### Count I
### Violation of the Fair Labor Standards Act
### Overtime
### (Collective Action)

39. Plaintiff incorporates the preceding paragraphs by reference.

40. This count arises from Defendant's violation of the FLSA 29 U.S.C. 201, et seq., for its failure to pay Plaintiff and the members of the Class all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.

41. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Class members were entitled to be paid one and one-half times their regular rates of pay.

42. Defendant violated the FLSA by failing to compensate Plaintiff and the Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

43. Defendant's failure to pay overtime to Plaintiff and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Plaintiff will seek to certify Count I, violation of the overtime provisions of the FLSA, as a collective action and asks the Court to determine the rights of the class pursuant to the FLSA, determine any damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represents.

### Count II
### Violation of the New York Labor Law
### Overtime
### (Class Action)

45. Plaintiff incorporates the preceding paragraphs by reference.

46. This count arises from Defendant's violation of the NYLL Art. 6, Section 191, for its failure to pay Plaintiff and the Class Members all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess

of 40 hours in individual workweeks, Plaintiff and the Class Members were entitled to be paid one and one-half times their regular rates of pay. In addition, the Class is entitled to receive liquidated damages.

47. Defendant has violated the NYLL by failing to compensate Plaintiff and the Class Members consistent with the maximum hour provisions decreed in the NYLL.

48. Plaintiff will seek to certify Count II, a violation of the overtime provisions of the NYLL, as a class action and asks the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, liquidated damages, and to direct Defendant to account for all back wages, prejudgment interests and all other damages due to Plaintiff and the class he represents.

## Count III
## Violation of the New York Labor Law
## Spread of Hours
## (Class Action)

49. Plaintiff incorporates the preceding paragraphs by reference.

50. This count arises from Defendant's violation of the NYLL, specifically Defendant's violation of New York State Department of Labor Regulation § 142-2.4, which stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours.

51. Defendant violated the NYLL by failing to comply with its obligation to pay Plaintiff and the Class Members the additional hour of wages required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 on those days when Plaintiff and Class Members in fact worked for ten or more hours.

52. Plaintiff will seek to certify Count III, a violation of the NYLL and

associated regulations, including N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4, as a class action and asks the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, liquidated damages, and to direct Defendant to account for all back wages, prejudgment interests and all other damages due to Plaintiff and the class he represents.

## VIII. JURY DEMAND

53. Plaintiff hereby demands a trial by jury.

## IX. PRAYER FOR RELIEF

54. For these reasons, Plaintiff, on behalf of himself and all proposed members of the FLSA collective action and NYLL class action, prays for relief as follows:

A. With Respect to the FLSA violation:

   i. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   ii. Designation of Plaintiff John Parker as Representative Plaintiff of the putative members of the FLSA representative action;

   iii. A declaratory judgment that the practices complained of in this complaint are unlawful under the FLSA;

   iv. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with

Defendant, as provided by law, from engaging in the unlawful practice, policy, and pattern detailed in this complaint;

v. Recovery of unpaid overtime compensation;

vi. An award of damages equal to all unpaid overtime wages as liquidated damages as provided for in 29 U.S.C. § 216(b);

vii. Recovery of attorneys' fees and costs as provided for in 29 U.S.C. §216(b);

viii. Pre-judgment and post-judgment interest at the highest rate permitted by law; and

ix. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

B. With Respect to the Class, Plaintiff prays as follows:

i. Certification of this action as a Class Action;

ii. Designation of the Named Plaintiff, John Parker, as class representative;

iii. Designation of the undersigned counsel as class counsel; and

iv. Entrance of a declaratory judgment that the actions complained of herein are unlawful.

C. With Respect to the New York State claims, Plaintiff prays as follows:

i. Grant of judgment to the named Plaintiff and Class members including awarding statutory, compensatory and liquidated damages as provided for under New York law;

ii. Award of pre-judgment and post-judgment interest, at the highest rate provided by law; and

iii. Awarding of Plaintiff his attorneys' fees and costs of suit, including expert fees.

Dated: April 10, 2017                    Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Robert R. Debes, Jr.*
　　Robert R. Debes, JR.
　　Texas Bar No. 05626150
　　bdebes@eeoc.net
　　Ricardo J. Prieto
　　Texas Bar No. 24062947
　　rprieto@eeoc.net
　　11 Greenway Plaza, Suite 1515
　　Houston, Texas 77046
　　Telephone: (713) 621-2277
　　Facsimile: (713) 621-0993

　　ATTORNEYS FOR PLAINTIFF
　　& CLASS MEMBERS

**COOPER ERVING & SAVAGE LLP**

By: /s/ Carlo A. C. de Oliveira
　　Carlo A. C. de Oliveira
　　Bar Roll No.: 516271
　　Local Counsel for Plaintiff & Class Members
　　39 North Pearl Street, Fourth Floor
　　Albany, New York 12207
　　Telephone: (518) 449-3900
　　Facsimile: (518) 432-3111
　　E-mail: Cdeoliveira@coopererving.com