UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

John Parker, Individually and on behalf of all others similarly situated,

     Plaintiff,

 -against-

Savage Fueling Corporation,

     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CIVIL ACTION NO.: 1:17-cv-397 (GTS/CFH)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**DLA PIPER LLP (US)**

Daniel Turinsky
1251 Avenue of the Americans
New York, New York 10020
212.335.4500

Maria C. Rodriquez (Admitted Pro Hac Vice)
Benjamin M. Gipson (Admitted Pro Hac Vice)
Katharine J. Liao (Admitted Pro Hac Vice)
2000 Avenue of the Stars, Suite 400N
Los Angeles, CA 90067-4704
310.595.3000

*Attorneys for Defendant*
*Savage Fueling Corporation*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF RELEVANT FACTS .....................................................................................1

ARGUMENT .................................................................................................................................2

    I.    Plaintiff's Complaint Must Be Dismissed Under Federal Rule Of Civil Procedure 12(B)(6)..................................................................................................................2

    II.    Plaintiff Waived His Right To Seek Relief For Claims Related to His Employment Against Defendant. .......................................................................................................3

    III.    The Complaint Fails To State A Claim For Spread Of Hours .........................................6

CONCLUSION ..............................................................................................................................8

## TABLE OF AUTHORITES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................2

*Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
  369 F.3d 212 (2d Cir.2004) ........................................................................................7

*Carrasco v. West Village Ritz Corp.*,
  2012 WL 2814112 (S.D.N.Y. July 11, 2012) .............................................................7

*Cheeks v. Freeport Pancake House, Inc.*,
  796 F.3d 199 (2015) ...................................................................................................5

*Diehl v. Village of Antwerp*,
  964 F.Supp. 646 (N.D.N.Y. 1997) ..............................................................................2

*Difilippo v. Barclays Capital, Inc.*,
  552 F. Supp.2d 417 (S.D.N.Y. 2008) .........................................................................4

*Dougherty v. Town of N. Hempstead*,
  282 F.3d 83 (2d Cir. 2002) .........................................................................................3

*Fernandez v. A-1 Duran Roofing, Inc.*,
  No. 12-CV-20757, 2013 WL 684736 (S.D. Fla. Feb. 25, 2013) ................................5

*Hack v. United Capital Corp.*,
  669 N.Y.S.2d 280 (App. Div. 1st Dep't 1998) ...........................................................4

*Hummel v. AstraZeneca LP*,
  575 F. Supp.2d 568 (S.D.N.Y. 2008) .........................................................................4

*Johnson v. McKay*,
  2015 WL 1735102 (N.D.N.Y. Apr. 16, 2015) ............................................................7

*Laramee v. Jewish Guild for the Blind*,
  72 F. Supp.2d 357 (S.D.N.Y. 1999) ...........................................................................4

*Malena v. Victoria's Secret Direct, LLC*,
  886 F. Supp.2d 349 (S.D.N.Y. 2012) .........................................................................6

*Martin v. Spring Break '83 Productions LLC*,
  688 F.3d 247 (5th Cir. 2012) ......................................................................................5

*Martinez v. Bohls Bearing Equipment Co.*,
  361 F.Supp.2d 608 (W.D. Tex. 2005) ........................................................................5

*Passino v. Soc. Sec. Admin.*,
  2017 WL 589128 (N.D.N.Y. Feb. 14, 2017) ..........................................................3, 7

*Simel v. J.P. Morgan Chase*,
    2007 WL 809689 (S.D.N.Y. Mar. 19, 2007) ..................................................................4, 5

*Singh v. Patel*,
    2013 WL 2190153 (E.D.N.Y. May 16, 2013) ................................................................6, 7

*Skluth v. United Merch. & Mfr., Inc.*,
    559 N.Y.S.2d 280 (App. Div. 1st Dep't 1990) ...................................................................4

*Smith v. Tri–City Transmission Service, Inc.*,
    No. 12–CV–1254, 2012 U.S. Dist. LEXIS 119428 (D.Ariz. Aug. 23, 2012) ....................5

*Sosnowy v. A. Perri Farms, Inc.*,
    764 F. Supp.2d 457 (E.D.N.Y. 2011) .................................................................................6

**STATUTES**

FLSA .............................................................................................................................................5

New York Labor Law ("NYLL") .......................................................................................1, 2, 3, 4

12 NYCRR § 142-2.4 ..............................................................................................................1, 6, 7

Fed. R. Civ. P. 8(a)(2) ....................................................................................................................2

Fed. R. Civ. P. 12(b)(6) .........................................................................................................1, 2, 3, 7

Fed. R. Civ. P. 12(c) ......................................................................................................................7

Fed. R. Civ. P. 41(a)(1)(A)(ii) .......................................................................................................5

Fed.R.Evid. 201(b)-(c) ...................................................................................................................7

Federal Rule of Evidence 201 ........................................................................................................7

Defendant SAVAGE FUELING CORPORATION ("Defendant" or "Savage") respectfully submits this memorandum of law in support of its motion to dismiss with prejudice the complaint filed by Plaintiff JOHN PARKER ("Plaintiff"), dated April 10, 2017 (the "Complaint"), which alleges claims individually and on behalf of similarly situated persons.

## PRELIMINARY STATEMENT

Counts II and III of the Complaint must be dismissed as a matter of law under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

First, Plaintiff, a former employee at Savage, signed a "severance arrangement" in connection with the termination of his employment (the "Release") on October 10, 2016. By voluntarily executing the Release, Plaintiff forever relinquished the right to assert any claims against Defendant "associated in any way whatsoever" with his employment, including purported violations of the New York Labor Law ("NYLL") and 12 NYCRR § 142-2.4.

Second, in addition to Count III being precluded by Plaintiff's Release, it should also be dismissed as a matter of law because 12 NYCRR § 142-2.4 applies exclusively to employees who earn the minimum wage rate, and Plaintiff's rate of pay exceeded the minimum wage rate at all times.

## STATEMENT OF RELEVANT FACTS

Defendant provides supply chain management solutions and industrial services to customers in a variety of industries, including but not limited to, electric power generation, coal production, oil refining, railroads, chemicals and more. (Compl. ¶ 16). Plaintiff was employed as a Fuel Technician at Savage from on or about January 2, 2014 to October 5, 2016. (*Id.* at ¶ 9). At all times during Plaintiff's employment with Defendant, he was compensated a daily rate of at least $205.00. Taking the allegations in the Complaint as true, even if Plaintiff worked 24 hours

per day, his hourly rate would have exceeded the minimum hourly wage rates in 2014, 2015 and 2016.  (Declaration of Chuck Schwab ("Schwab Decl."), at ¶6).

On October 10, 2016, in connection with the termination of his employment, Plaintiff executed a valid and enforceable Release that discharged Savage from any claims "arising out of or associated in any way whatsoever" with Plaintiff's employment.  (Decl. at ¶5).

In his Complaint, brought as a class and collective action, Plaintiff alleges that Defendant violated the NYLL by purportedly failing to pay Plaintiff and members of the alleged class overtime pay for the time worked in excess of 40 hours in a work week.  (Compl. ¶¶ 40, 46). Plaintiff also claims that fuel technicians who worked more than ten hours in a single work day were not compensated in accordance with the New York State Department of Labor spread of hours regulation.  (*Id*. at ¶ 22).

For the reasons set forth below, Plaintiff's NYLL claims are precluded by the Release.  In addition, Plaintiff's spread of hours claim fails because Plaintiff's rate of pay exceeded the minimum wage rate.

## ARGUMENT

### I. Plaintiff's Complaint Must Be Dismissed Under Federal Rule Of Civil Procedure 12(B)(6).

A complaint must be dismissed if it fails to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although this Court must draw all reasonable inferences in favor of Plaintiff, the function of a Rule 12(b)(6) motion is to assess the legal feasibility of the complaint.  *Diehl v. Village of Antwerp*, 964 F.Supp. 646, 649 (N.D.N.Y. 1997).  It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

challenge to the legal cognizability of the claim. *Passino v. Soc. Sec. Admin.*, 2017 WL 589128, at *2 (N.D.N.Y. Feb. 14, 2017). Here, Plaintiff has failed to assert legally cognizable claims and no amendment will cure such defects.

Therefore, Counts II (Violation of the NYLL – Overtime) and III (Violation of the NYLL – Spread of Hours) must be dismissed with prejudice. *See Dougherty v. Town of N. Hempstead,* 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

## II. Plaintiff Waived His Right To Seek Relief For Claims Related to His Employment Against Defendant.

Plaintiff's claims are precluded by the unambiguous general release Plaintiff voluntarily and knowingly executed on October 10, 2016. The Release, freely entered into by Plaintiff and supported by adequate consideration, expressly provides:

> You knowingly and voluntarily release, waive and forever discharge Savage, its shareholders, officers, directors and affiliates from any lawsuits on your behalf and all claims, rights and causes of action, known or unknown, arising out of or associated in any way whatsoever with your employment or lack thereof with Savage or its affiliates, including but not limited to, claims or rights arising under any and all federal, state or local laws, rules and regulations. You also knowingly and voluntarily waive your right to recover any personal remedy or damages as a result of a claim brought on your behalf.

Attached as **Exhibit 1** to the Schwab Declaration is a true and correct copy of Plaintiff's Release. (Ex. 1, ¶ 5.)

Because Plaintiff's wage claims under federal and state law claims fall precisely within the unambiguous language of the Release, Counts II and III must be dismissed.

Releases are governed by principles of contract law. Releases will be enforced in New York if such agreements are clear and unambiguous, "knowingly and voluntarily entered into"

and not "the product of fraud, duress or undue influence." *Skluth v. United Merch. & Mfr., Inc.*, 559 N.Y.S.2d 280, 282 (App. Div. 1st Dep't 1990) (citations and quotation marks omitted); *see also Laramee v. Jewish Guild for the Blind*, 72 F. Supp.2d 357, 359 (S.D.N.Y. 1999) (granting defendant's motion to dismiss because plaintiff waived the allegations in the complaint when she signed the release); *see also Hack v. United Capital Corp.*, 669 N.Y.S.2d 280, 282 (App. Div. 1st Dep't 1998) (A plaintiff seeking to set aside a release bears the burden to either "demonstrate that [the release] does not apply to [the plaintiff's] claim or to establish an equitable basis to vitiate its effect.").

*Simel v. J.P. Morgan Chase*, 2007 WL 809689 (S.D.N.Y. Mar. 19, 2007) is directly on point and instructive. In *Simel*, the court dismissed plaintiff's claims under the NYLL because he had executed a valid release. As is the case here, the agreement in *Simel* released defendant from "any and all legal, equitable, or other claims . . . for violation of any Federal or State wages and hours laws, statutes or regulations." *Id*. at *1. As a result, plaintiff's state law wage claims were "squarely within the scope of the Agreement and [were] settled thereunder." *Id*. at *3.

Enforcing the release in *Simel* was consistent with public policy because plaintiff executed the agreement "in exchange for other desired settlement benefits." *Id*. at *5; *see also, Hummel v. AstraZeneca LP*, 575 F. Supp.2d 568, 570 (S.D.N.Y. 2008) (granting Defendant's motion for summary judgment because the release "clearly and unambiguously release[d] and discharge[d] [Defendant] from any New York state law employment claims," including claims arising under the NYLL); *Difilippo v. Barclays Capital, Inc*., 552 F. Supp.2d 417, 426 (S.D.N.Y. 2008) ("Agreements that purportedly release employers from liability for claims arising under the NYLL overtime requirements are generally valid and enforceable.").

Likewise, Plaintiff's Release "expresse[d] the clear and unambiguous intent of plaintiff to settle and release the state law claims contained in his complaint." *Simel*, 2007 WL 809689, at *6. Not only was the Release supported by adequate consideration, but Plaintiff never revoked his acceptance of the terms and conditions therein. (Schwab Decl. at ¶ 5). In executing the Release, Plaintiff specifically acknowledged "the terms and provisions of [the Release were] voluntarily accepted and knowingly agreed to." (Ex. 1, p. 2). Plaintiff was given twenty-one (21) days to consider the Release—ample time to seek and obtain legal counsel prior to discharging Defendant from "any and all" state law claims. (Ex. 1, p. 2). The Release here was not procured by fraud, duress or undue influence, nor can Plaintiff assert any other argument that would invalidate the Release. Indeed, the Release is short, avoids legalese and contains conspicuous and clear language releasing all claims.[1]

---

[1] At this time, Defendant is not moving to dismiss Count I – Violation of the Fair Labor Standards Act (FLSA). However, Defendant reserves the right to move for summary judgment or otherwise to dismiss such claim. While the Second Circuit has opined that FLSA claims cannot be waived absent approval by the Court or the Department of Labor in the context of a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2015), the Fifth Circuit and other courts allow for a settlement and release of FLSA claims where there is a bona fide dispute. *Martinez v. Bohls Bearing Equipment Co.*, 361 F.Supp.2d 608, 633 (W.D. Tex. 2005) (granting employers' summary judgment in part and holding: "a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."); *Martin v. Spring Break '83 Productions LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (a settlement agreement "is an enforceable resolution of those FLSA claims predicated on a bona fide dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves."). *See also Fernandez v. A-1 Duran Roofing, Inc.,* No. 12-CV-20757, 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) (court approval of FLSA settlement not necessary); *see also Smith v. Tri–City Transmission Service, Inc.*, No. 12–CV–1254, 2012 U.S. Dist. LEXIS 119428 (D.Ariz. Aug. 23, 2012) (no approval of settlement required where plaintiff represented by counsel and was aware of his rights under the FLSA).

**III.     The Complaint Fails To State A Claim For Spread Of Hours**

Plaintiff's spread of hours claim fails because it was discharged by the Release and also for the independent reason that 12 NYCRR § 142-2.4 does not apply to employees whose wages exceed the minimum wage.

12 NYCRR § 142-2.4 requires that an employee "receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which the spread of hours exceeds 10 hours."  However, the Department of Labor and the majority of courts in this Circuit agree that 12 NYCRR § 142-2.4 only requires employers to pay one hour's pay at the basic minimum hourly wage rate if the employee is paid at the minimum wage rate. *See Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp.2d 457, 474 (E.D.N.Y. 2011) ("[T]he Court agrees with the cases that find that the explicit reference to the 'minimum wage' in section 142–2.4 indicates that the 'spread-of-hours provision is properly limited to enhancing the compensation of those receiving only the minimum required by law"); *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp.2d 349, 369 (S.D.N.Y. 2012) ("The Court agrees . . . that New York's spread-of-hours law does not apply to plaintiffs who earned substantially more than the minimum wage."); *Singh v. Patel*, 2013 WL 2190153, at *2 (E.D.N.Y. May 16, 2013) (granting defendant's motion to dismiss because "plaintiffs were paid above the minimum wage, [therefore] the spread of hours claim must be dismissed.")

On April 12, 2006, the New York State Department of Labor confirmed that employers are not required to pay employees additional spread of hours compensation if they make more than the minimum wage.  *See* "Definition of Spread of Hours," Opinion Letter, File No. RO-06-0027 (Dep't of Labor Apr. 12, 2006).  The Department of Labor's advisory opinion further explained:

> It is important to note that the "spread of hours" regulation does not require all employees to be paid for an additional hour, but merely that the total wages paid be equal to or greater than the total due for all hours at the minimum wage plus one additional hour at the minimum wage.

*Id.* The majority of courts in this Circuit have followed this interpretation. *See Carrasco v. West Village Ritz Corp.*, 2012 WL 2814112, at *4, n.6 (S.D.N.Y. July 11, 2012) ("Most courts in this Circuit have ruled that New York's spread of hours provision applies only to employees earning minimum wage").

Plaintiff was employed as a Fuel Technician from on or about January 2, 2014 to October 5, 2016 and paid a daily rate. (Compl. ¶ 9) Even assuming Plaintiff's daily rate represents compensation for 24 hours of work, Plaintiff was still compensated above the minimum wage rate. Although Plaintiff fails to plead an integral part of this claim—his daily rate—it is undisputed that, during Plaintiff's employment, he was always paid a daily rate of at least $205.00, which exceeded the minimum hourly wage rates in 2014, 2015 and 2016.[2] Thus, Plaintiff's spread of hours claim under 12 NYCRR § 142-2.4 must be dismissed as a matter of law.[3]

---

[2] The general hourly minimum wage rate in New York State was $8.00 in 2014; $8.75 in 2015; and $9.00 in 2016. Under Federal Rule of Evidence 201, a court "may take judicial notice on its own" of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)-(c). *See Johnson v. McKay*, 2015 WL 1735102, at *4 (N.D.N.Y. Apr. 16, 2015); *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir.2004) (courts can "look to public records . . . in deciding a motion to dismiss.").

[3] "Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." *Passino v. Soc. Sec. Admin.*, 2017 WL 589128, at

## **CONCLUSION**

Based on the foregoing reasons, Defendant respectively requests that its motion to dismiss Counts II and III of Plaintiff's Complaint be granted and for such other further relief as the Court deems just and proper.

Dated: New York, New York.
May 26, 2017

Respectfully submitted,

DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
212.335.4500

2000 Avenue of the Stars, Suite 400N
Los Angeles, CA 90067-4704
310.595.3000


By: /s/ Daniel Turinsky

    Daniel Turinsky
    Bar Roll No.: 302639
    Daniel.turinsky@dlapiper.com

    Maria C. Rodriguez
    Admitted Pro Hac Vice
    Maria.rodriguez@dlapiper.com

    Benjamin M. Gipson
    Admitted Pro Hac Vice
    Ben.gipson@dlapiper.com

    Katharine J. Liao
    Admitted Pro Hac Vice
    Katharine.liao@dlapiper.com

    *Attorneys for Defendant*
    *Savage Fueling Corporation*

---

*4 (N.D.N.Y. Feb. 14, 2017).  Although Plaintiff fails to plead something as basic as his rate of pay, such information is integral to this case and in particular Count III of the complaint.