UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN PARKER and JAMIE BARTLETT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>SAVAGE FUELING CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 1:17-cv-00397 (GTS-CFH)<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS**

**SHELLIST | LAZARZ | SLOBIN LLP**

ROBERT R. DEBES, JR.*
Bar Roll No.: 107463
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO*
Bar Roll No.: 107465
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Admitted Pro Hac Vice

&

**COOPER ERVING & SAVAGE LLP**

Carlo A. C. de Oliveira
Bar Roll No.: 516271
Local Counsel for Plaintiffs & Class Members
39 North Pearl Street, Fourth Floor
Albany, New York 12207
Telephone: (518) 449-3900
Facsimile: (518) 432-3111
E-mail: Cdeoliveira@coopererving.com

ATTORNEYS FOR PLAINTIFFS
& CLASS MEMBERS

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... ii

TABLE OF AUTHORITIES............................................................................................. iii

I.     SUMMARY OF ARGUMENT.............................................................................. 1

II.    APPLICABLE LEGAL STANDARDS................................................................ 3

III.   BASES FOR DENYING DEFENDANT'S MOTION........................................... 5

       A.    Defendant admits that it did not pay overtime wages....................................... 5

       B.    Plaintiffs' Amended Complaint moots Defendant's Motion........................... 6

       C.    Plaintiffs' Amended Complaint names Jamie Bartlett...................................... 6

       D.    Court should not consider documents outside of the record............................. 6

       E.    The Severance Letter is not a "release of claims"............................................ 8

VII.  CONCLUSION...................................................................................................... 10

CERTIFICATE OF SERVICE.......................................................................................... 11

# TABLE OF AUTHORITIES

| Cases | Page No. |
|---|---|
| *Allaire Corp. v. Okumus* <br> 433 F.3d 248, 249–50 (2d Cir. 2006) …..……….……..……….………… | 4 |
| *Ashcroft v. Iqbal* <br> 556 U.S. 662, 678 (2009) …..………..……….……………..……….…… | 3, 4 |
| *Bell Atl. Corp. v. Twombly* <br> 550 U.S. 544, 570 (2007) …..………..……….……………..……….…… | 3, 4 |
| *Bridgeforth v. Popovics* <br> 2011 WL 2133661 at *2 (N.D.N.Y. May 25 2011) …..………….……… | 3 |
| *Byrd v. City of New York* <br> No. 04 CV1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) …..………. | 6, 7 |
| *Cheeks v Freeport Pancake House, Inc.* <br> 796 F.3d 199 (2d Cir. 2015)…..………..……….……………………………... | 1 |
| *Chambers v. Time Warner, Inc.* <br> 282 F.3d 147, 152 (2d Cir. 2002) …..………..……….……………….. | 7 |
| *Cortec Indus., Inc. v. Sum Holding L.P.* <br> 949 F.2d 42, 47 (2d Cir. 1991) ……………..……….……………….. | 7 |
| *Difilippo v Barclays Capital, Inc.* <br> 552 F. Supp. 2d 417 (S.D.N.Y. 2008) …..………..……….……………… | 9,10 |
| *Gross Foundation, Inc. v. Goldner* <br> No. 09 CV 8804, 2012 WL 6021441……..………..……….………………… | 7 |
| *Hoffman v. Cemex, Inc.* <br> 2009 WL 4825224, *3 (S.D. Tex. Dec. 8, 2009) …..………..……….……… | 4 |
| *Hummel v AstraZeneca LP* <br> 575 Supp.2d 568 (S.D.N.Y. 2008) …..………..……….…………..……. | 10 |
| *Int'l Controls Corp. v. Vesco* <br> 556 F.2d 665, 668 (2d Cir.1977) …..………..……….……………….. | 6 |
| *In re Bill of Lading Transmission & Processing Sys. Patent Litig.* <br> 681 F.3d 1323, 1332 (Fed. Cir. 2012) ………..……….……………….. | 4 |
| *Johnson v. Brown* <br> 11–CV–0188, 2011 WL 4565923, at *2 (N.D.N.Y. Sept. 29, 2011) …..……… | 6 |
| *Johnson v. City of Shelby* <br> 135 S.Ct. 346 (2014) …..………..……….……………………..……… | 5 |
| *Kramer v. Time Warner, Inc.* <br> 937 F.2d 767, 773 (2d Cir. 1991) …..………..……….……………….. | 7 |

*Martinez v. Regency Janitorial Servs. Inc.*
    11- C-259, 2011 WL 4374458, at *4 (E.D. Wis. Sept. 19, 2011) …..…………… 5

*Praileau v Fischer, et al.*
    930 F.Supp.2d 383, 388 (N.D.N.Y 2013) …..……………………..…………… 6

*Rana v. Islam*
    No. 14-Cv-1993, 2015 WL 81977, *3 (S.D.N.Y. Jan. 6, 2015) …..…………….. 4

*Russomanno v. Murphy*
    No. 09 CV 8804, 2011WL 609878, at **3-5…..……………...………………… 7

*Sec'y of Labor v. Labbe*
    319 F. App'x 761, 763 (11th Cir. 2008) …..……………………..…………… 4

*Shields v. Citytrust Bancorp, Inc.*
    25 F.3d 1124, 1128 (2d Cir.1994…………….…………………………….. 6

*Simel v. J.P. Morgan Chase*
    2007 WL 809689 (S.D.N.Y. March 19, 2007) …..……………..……..……… 8, 9,10

*Spiciarich v. Mexican Radio Corp.*,
    2017 WL 1194017 at *2 (N.D.N.Y. March 30, 2017 (Scullin, J.) 3

*Wilson v. Merrill Lynch & Co., Inc.*
    671 F.3d 120, 128 (2d Cir. 2011) …..……………………..…………………… 4

**STATUTES**

Fed. R. Civ. P. 8(a)(2) …..……………………..…………………….……..…….. 3
Fed. R. Civ. P. 12(d) …..……………………..……………………………..……… 7
Fed. R. Civ. P. 15…..……………………..…………………….…………………….. 6
Fed. R. Civ. P. 15(a)(1)(B) …..……………………..…………………….……..…… 2, 6
Fed. R. Evid. 201…..……………………..…………………….…..……………….. 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN PARKER and JAMIE BARTLETT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>SAVAGE FUELING CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 1:17-cv-00397 (GTS-CFH)<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE:

**JOHN PARKER** ("Parker" or "Plaintiff") and **JAMIE BARTLETT** ("Bartlett" or "Plaintiff") (collectively, "Plaintiffs") files this Memorandum of Law in Support of Plaintiffs' Response to Defendant's 12(b)(6) Motion to Dismiss as follows:

### I. SUMMARY OF ARGUMENT

Defendant seeks dismissal of Counts II and III of Plaintiff's Original Complaint that was filed with the Court on April 10, 2017. *See*, Doc. 21-1. Count II asserts a claim against Defendant for violating New York State law by failing to pay Parker and its other Fuel Technicians overtime wages when they worked more than forty (40) hours in a workweek. *See*, Doc. 1. Claim III asserts a claim against Defendant for violating the "Spread of Hours" provision of 12 NYCRR 142-2.4.[1] *Id*.

---

[1] Defendant does not seek dismissal of Count I (violation of the FLSA's overtime wage provision) because, as it correctly points out in its motion, FLSA claims cannot be released or waived in the Second Circuit absent approval by the Court or Department of Labor. *Cheeks v Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015).

Defendant alleges that Counts II and III must be dismissed with prejudice for two (2) reasons:

1. Plaintiff, John Parker ("Parker"), signed a "Severance Letter" in connection with his termination of employment from Defendant in October 2016 (approximately five months before this lawsuit was filed) wherein he released Defendant from liability for Counts II and III; and

2. Count III must be dismissed because 12 NYCRR 142-2.4 applies only to employees who earn the minimum wage rate.[2] *See*, Doc. 21-1.

Defendant's motion should be denied for the following reasons.

First, Plaintiff filed an amended complaint on June 8, 2017 per Fed. R. Civ. P. 15(a)((1)(B) which effectively moots Defendant's motion. *See*, Doc. 23. Namely, Plaintiffs' amended complaint omits Count III – thereby rendering Defendant's motion moot as to Count III.

Second, Plaintiffs' amended complaint identifies another Fuel Technician, Jamie Bartlett ("Bartlett"), as a named Plaintiff. Bartlett has not signed a severance agreement or otherwise released his NYLL claims against Defendant in the way that Defendant argues that Parker did when he purportedly signed the Severance Letter. Therefore, Bartlett may proceed with respect to Count II on behalf of himself and also as Class Representative on behalf of the other Fuel Technicians who are similarly situated.

Third, Defendant's motion seeks dismissal of Counts II and Count III <u>under Rule 12(b)(6)</u>. Nevertheless, in support of its motion, Defendant submits a Severance Letter purportedly signed by Parker, as well as the Declaration of Defendant's Senior Vice President of People Operations, Chuck Schwab, as exhibits. These documents are outside the scope of

---
[2] Plaintiffs agree and have filed an amended complaint that omits Count III. *See*, Doc. 23.

Plaintiff's Complaint, are not incorporated by reference, are not integral to Counts II or III, and are not subject to judicial notice. *See*, Doc. 1. When deciding a Rule 12 motion, the Court may only consider the Complaint itself or any matters that are subject to judicial notice.

Finally, while it is true that an employer and employee may, *under certain circumstances*, enter into a private agreement to release the employee's claims for unpaid wages under NYLL, the document proffered by Defendant in support of its motion amounts to is nothing more than a "Severance Letter" (i.e. it is not called a "settlement agreement"), it is not clearly identified as a "release of claims," and there is no evidence before the Court that the monies to be paid to Parker pursuant to the Severance Letter were monies that he was not already entitled to receive. Therefore, the cases cited by Defendant in support of its motion are inapposite to the instant case.

For these reasons, the Court should deny Defendant's motion.

## II.  APPLICABLE LEGAL STANDARDS.

A defendant may base a motion to dismiss for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Bridgeforth v. Popovics*, 2011 WL 2133661 at *2 (N.D.N.Y. May 25 2011) (Suddaby, J.) (citations omitted). Defendant has not challenged the sufficiency of Plaintiff's pleading; rather, Defendant basis its motion solely on the cognizability or plausibility of the claims asserted.

"To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief." *Spiciarich v. Mexican Radio Corp.*, 2017 WL 1194017 at *2 (N.D.N.Y. March 30, 2017 (Scullin, J.) (denying defendant's 12(b)(6) motion in claims brought under FLSA and NYLL) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of the plaintiff. *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006); see also, *Rana v. Islam*, No. 14-Cv-1993, 2015 WL 81977, *3 (S.D.N.Y. Jan. 6, 2015) (citing *Wilson v. Merrill Lynch & Co., Inc.*, 671 F.3d 120, 128 (2d Cir. 2011)). Plausibility, however, requires "enough fact [s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Id*. at 678–79.

Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *In re Bill of Lading Transmission & Processing Sys. Patent Litig*., 681 F.3d 1323, 1332 (Fed. Cir. 2012). And "in the specific context of FLSA overtime claims[,] … detailed factual allegations" are not required. *Hoffman v. Cemex, Inc*., 2009 WL 4825224, *3 (S.D. Tex. Dec. 8, 2009) (Rosenthal, J). Unlike "the complex antitrust scheme at issue in *Twombly*[,] … the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a

failure to pay overtime compensation … to covered employees … in accordance with the Act." *Id.* In other words, "it does not take much to inform the defendant of the nature of the plaintiff's claim." *Martinez v. Regency Janitorial Servs. Inc.*, 11- C-259, 2011 WL 4374458, at *4 (E.D. Wis. Sept. 19, 2011). And where the plaintiffs' complaint states "simply, concisely, and directly events that … entitle them to damages[,]… they [a]re required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Johnson v. City of Shelby*, 135 S. Ct. at 346 (2014).

### III. BASES FOR DENYING DEFENDANT'S MOTION

Defendant's 12(b)(6) motion should be denied for the following reasons.

#### A. Defendant admits that it did not pay overtime wages

Here, Plaintiff alleges that Defendant "failed to pay its Fuel Technicians for all hours worked over forty in a workweek at the federal and state mandated overtime rate. *See*, Doc. 1 page 1. Plaintiff also alleges that he regularly worked 60 hours per week and did not receive overtime pay for any of the overtime hours he worked. *Id.* at ¶ 20. Moreover, Plaintiff's Original Complaint alleges that Defendant's other Fuel Technicians were similarly not paid overtime wages when they worked more than forty (40) hours per week. *Id.* at ¶ 25.

Defendant does not dispute these allegations, nor does it represent to the Court that it paid Plaintiff or its other Fuel Technicians, overtime wages when they worked more than forty (40) hours per week. To the contrary, Defendant's Senior Vice President of People Operations, Chuck Schwab, confirms in his Declaration that Plaintiff was paid a "daily rate" ranging between $205 per shift and $224.95 per shift. *See*, Doc. 21-2. Defendant further states that it is "*undisputed that*, during Plaintiff's employment, he was always paid a daily rate of at least $205…" *See*, Doc 21-1, page 7. Therefore, Plaintiff's claim is certainly "plausible" and legally cognizant.

### B. Plaintiffs' Amended Complaint moots Defendant's Motion

Fed. R. Civ. P. 15 gives a plaintiff an absolute right to file an amended complaint under the circumstances presented in this case. Fed. R. Civ. P. 15(a)(1)(B). "Furthermore, the filing of an amended Complaint supersedes a plaintiff's original complaint in all respects." *Praileau v Fischer, et al*. 930 F.Supp.2d 383, 388 (N.D.N.Y 2013) (Suddaby, J), *citing*, N.D.N.Y. L.R. 7.1(a)(4); *see also Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977); *Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124, 1128 (2d Cir.1994). As a result, "[t]ypically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Praileau*, 930 F.Supp.2d at 388, *citing Johnson v. Brown*, 11–CV–0188, 2011 WL 4565923, at *2 (N.D.N.Y. Sept. 29, 2011) (Homer, M.J.).

Therefore, Plaintiffs' Amended Complaint moots Defendant's motion.

### C. Plaintiffs' Amended Complaint names Jamie Bartlett

John Parker (Parker) filed Plaintiff's Original Complaint as the only named plaintiff, both in his individual capacity and also as Class Representative on behalf of similarly situated Fuel Technicians. *See*, Doc. 1. Parker asserted causes of action against Defendant for wage violations pursuant to the FLSA (Count I), overtime wage violations under NYLL (Count II), and spread of hours violations (Count III).

Plaintiffs' Amended Complaint names Bartlett as an additional named plaintiff, both in his individual capacity and also on behalf of similarly situated Fuel Technicians. Bartlett will serve (with the Court's permission, of course) as Class Representative on behalf of the putative class members for wage violations made the basis of this lawsuit.

### D. Court should not consider documents outside of the record

In deciding a Rule 12 motion, a court may only consider the complaint itself or any matters that are subject to judicial notice by the court. *Byrd v. City of New York*, No. 04

CV1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (discussing Rule 12(c)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (discussing Rule 12(b)(6)). The complaint is deemed to include any attached exhibits, statements, or documents incorporated into the complaint by reference, as well as any documents that are "integral" to the complaint. *Chambers*, 282 F.3d at 152-53; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

When extraneous materials are presented to the court in conjunction with a Rule 12 motion, the court must either exclude these materials or convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d); *see Chambers*, 282 F.3d at 154. Courts have considerable discretion in deciding between these two options. *See,* Fed. R. Civ. P. 12(d); *Byrd*, 2005 WL 1349876, at *2 (encouraging explication of this choice "whatever course of action [the district court] chooses"); *see also Gross Foundation, Inc. v. Goldner*, No. 09 CV 8804, 2012 WL 6021441, at **5, 12 (E.D.N.Y. Dec. 4, 2012); *Russomanno v. Murphy*, No. 09 CV 8804, 2011WL 609878, at **3-5 (S.D.N.Y. Feb. 16, 2011).

Here, neither the Severance Letter nor the Declaration of Charles Schwab, were attached to Plaintiff's Original Complaint, and neither party argues that these materials are subject to judicial notice under Rule 201 of the Federal Rules of Evidence. *See* Fed. R. Evid. 201; *see also Kramer v. Time Warner, Inc*., 937 F.2d 767, 773 (2d Cir. 1991). Moreover, the Severance Letter is not incorporated, by reference or otherwise, in Plaintiff's Original Complaint. Consequently, for these documents to be considered on the present motion, they must be integral to Plaintiff's Original Complaint. *See Chambers*, 282 F.3d at 152-53.

However, even Defendant does not *seriously* allege that the Severance Letter is integral to Plaintiff's Original Complaint. Rather, in Footnote #3 on pages 7- 8 of Defendant's motion – in its discussion of Plaintiff's <u>Count III Spread of Hours claim</u> (which Plaintiff has already

7

dismissed), Defendant makes the unsupported suggestion that the Severance Letter is "integral to this case and in particular Count III of the complaint" because Plaintiff failed to plead his rate of pay in the Complaint. *See*, Doc. 21-1. However, as stated above, Plaintiffs' Amended Complaint drops Count III. Defendant makes no allegation that the Severance Letter is somehow integral to Count II of Plaintiff's Original Complaint. Nor is it.

### E. The Severance Letter is not a "release of claims"

Defendant represents to the Court that the Severance Letter constitutes a "valid release" of Parker's Count II and Count III claims. And while it is true that an employer and employee may, *under certain circumstances*, enter into a private agreement to release the employee's claims for unpaid wages under NYLL, the cases that Defendant relies upon are not "on point" as Defendant suggests and, in fact, are distinguishable in several respects.

To begin, all of the cases relied upon by Defendant involve a situation where an employee signed a document entitled a "Release of Claims," a "Waiver and General Release," and/or "Mutual Consent Release Agreement" with his employer. Second, most of the cases relied upon by Defendant involve a situation where the employee was settling a known/pre-existing dispute with his employer. These simple facts cannot be overlooked – especially in the context of an employee who has been terminated and is given a letter to sign on the spot.

For instance, in *Simel v. J.P. Morgan Chase*, 2007 WL 809689 (S.D.N.Y. March 19, 2007), the plaintiff, the defendant (i.e. his former employer), and another employee executed a "Settlement Agreement and Release" <u>in order to resolve an employment dispute that arose after plaintiff's resignation</u>." *Id*. at 1. In its decision to dismiss plaintiff's NYLL claims, the court made the special point of noting: (i) that "[p]laintiff had ample time to review its terms, to confer with an attorney, and to revoke the Agreement"; and (ii) that "[plaintiff] warranted that he [had] been afforded the opportunity to review this Agreement with his attorney for at least twenty-one

8

(21) calendar days, that he [had] consulted with his attorney prior to executing this Agreement"…and that he had "the opportunity to receive full advice from counsel of [his] choice." *Id*. at 3-6. Accordingly, the court in *Simel* held: "<u>[i]n light of the circumstances of this case</u>, and the public policy in favor of honoring validly entered settlements, there is no public policy reason to disturb the Agreement." *Id*. at 5 (emphasis added).

Here, unlike the parties' agreement in *Simel*, the document relied upon by Defendant is called a "Severance Letter," not a release or settlement agreement. The Severance Letter states on its face that Defendant was "proposing to provide [Parker] with the following "severance arrangement" to assist [him] in transition." *See*, Doc. 21-3. Nowhere in this Severance Letter does it mention or allude to the idea that the parties were trying to resolve a pre-existing dispute that had arisen between them. Moreover, nowhere does the Severance Letter ever suggest that this document was to be considered a "Settlement Agreement and Release of Claims." <u>In fact, the term "settlement" does not appear even once in the document</u>.

Rather, the Severance Letter simply recites the typical end-of-employment provisions that Parker was to return his company property, that he would receive a COBRA letter for continuing health benefits, and that he was prohibited from disclosing confidential company information. *Id*. The Severance Letter does not admonish Parker to speak with an attorney, nor does it even suggest that he had the right to do so. Moreover, the $2,249.50 in "consideration" that the Severance Letter recites could very well have been paid pursuant to Defendant's severance policy, it could be for wages already earned, etc. In other words, the monies reflected could very well have been owed to Parker. There is no evidence to the contrary in the record and the Court should not consider the document for this reason.

Defendant also relies upon *Difilippo v Barclays Capital, Inc*., 552 F. Supp. 2d 417 (S.D.N.Y. 2008) in support of its motion. However, *Difilippo* was a Rule 56 case. *Id*. In other

9

words, the motion before the court in *Difilippo* was defendant's motion for summary judgment, not a Rule 12(b)(6) motion to dismiss. *Id*. And again, in *Difilippo,* the parties executed a "waiver and general release," not a proposed "severance arrangement." The import cannot be overlooked.

Similarly, Defendant directs the Court to *Hummel v AstraZeneca LP*, 575 Supp.2d 568 (S.D.N.Y. 2008) to support its motion. *See*, Doc. 21-1. However, *Hummel* was also a Rule 56 summary judgment case. And, once again, in that case the parties had executed a "Mutual Consent Release" purportedly to settle the plaintiff's alleged employment discrimination claim. *Id*. at 571.

For these reasons, the Court should not consider the Severance Letter (nor the Declaration of Charles Schwab) in its ruling on Defendant's 12(b)(6) motion, but if it does, the Court should deny the motion as the circumstances and protections afforded to the claimants in the *Simel, Hummel, Difilippo* cases are not present here.

## IV. CONCLUSION

Defendant's motion to dismiss should be denied as moot. However, if the Court believes that Plaintiffs must provide more detail of their allegations, the prudent path would be to permit Plaintiffs to amend their Complaint.

    Respectfully submitted,

    **SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Robert R. Debes, Jr.*
    ROBERT R. DEBES, JR.*
    Bar Roll No.: 107463
    Texas Bar No. 05626150
    bdebes@eeoc.net
    RICARDO J. PRIETO*
    Bar Roll No.: 107465
    Texas Bar No. 24062947
    rprieto@eeoc.net

10

11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Admitted Pro Hac Vice

&

**COOPER ERVING & SAVAGE LLP**

By: _/s/ Carlo A. C. de Oliveira_____
Carlo A. C. de Oliveira
Bar Roll No.: 516271
Local Counsel for Plaintiff & Class Members
39 North Pearl Street, Fourth Floor
Albany, New York 12207
Telephone: (518) 449-3900
Facsimile: (518) 432-3111
E-mail: Cdeoliveira@coopererving.com

ATTORNEYS FOR PLAINTIFFS
& CLASS MEMBERS

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on June 13, 2017 as follows:

| | |
|---|---|
| Daniel Turinsky<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>27th Floor<br>New York, NY 10020-1104 | Katharine J. Liao<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars, Suite 400N<br>Los Angeles, CA 90067-4704 |
| Maria C. Rodriguez<br>DLA PIPER LLP (US)<br>550 South Hope Street, Suite 2300<br>Los Angeles, CA 90071 | Benjamin M. Gipson<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars, Suite 400N<br>Los Angeles, CA 90067-4704 |

_/s/ Robert R. Debes, Jr._____
Robert R. Debes, Jr.

11