

DLA Piper **LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California  90067-4704
www.dlapiper.com

Katharine J. Liao
katharine.liao@dlapiper.com
T   310.595.3114
F   310.595.3334

June 21, 2017
<u>Via ECF</u>

The Honorable Glenn T. Suddaby
Chief U.S. District Judge
United States District Court
Northern District Of New York
P.O. Box 7367
Syracuse, NY 13261-7367

    Re:    **Parker v. Savage Fueling Corporation**
                **Case No.: 1:17-cv-00397-GTS-CFH**

Dear Judge Suddaby:

      We represent Defendant Savage Fueling Corporation ("Savage" or "Defendant") in the above-referenced matter.  Pursuant to the Court's Order dated June 14, 2017, we write to advise the Court that the portion of Defendant's Motion to Dismiss seeking dismissal of Count II of Plaintiff John Parker's ("Parker") original Complaint for purported violations of the New York Labor Law ("NYLL") is not moot.

      Although the First Amended Complaint dated June 8, 2017 removes Parker as a class representative with respect to Count II, it does not dismiss Parker or make clear that he is not a member of the purported class because he executed a valid release agreement (nor does it exclude those who have knowingly and voluntarily executed general release agreements).

      As will be more fully briefed in Savage's Reply Brief, due June 26, 2017, Defendant's Motion to Dismiss Count II as to Parker should be granted:

- As detailed in Defendant's moving papers, Parker knowingly and voluntarily executed a valid general release of claims against Defendant pursuant to a severance agreement dated October 6, 2016 and executed by Parker on October 10, 2016 (the "Agreement").

- Plaintiff's assertion in its opposition papers that the general release of claims set forth in the Agreement is somehow not valid merely because the Agreement is entitled, "Severance Letter" is completely without merit and unsupported by case law.

- Parker does not dispute the authenticity or accuracy of the Agreement, nor does he dispute that immediately above his signature the Agreement states that "[t]he terms and provisions of this letter are voluntarily accepted and knowingly agreed to this 10 day of October, 2016."

- The two-page Agreement is clear and concise, plainly and unambiguously stating that Parker:

    > "***knowingly and voluntarily release[s], waive[s] and forever discharge[s] Savage***, its shareholders, officers, directors and affiliates from any lawsuits on [Parker's] behalf and all claims, rights and causes of action, known or unknown, arising out of or associated in any way whatsoever with [Parker's] employment or lack thereof with Savage or its affiliates, including but not limited to, claims or rights arising under any



June 21, 2017
Page Two

- and all federal, state or local laws, rules and regulations." (Emphasis added.)

- The Agreement expressly provided Parker with twenty-one (21) days to consider the Agreement and seven (7) days to revoke after signing and specifically states that he was given a payment of $2,249.50 plus $173.44 for unused PTO time "[i]n consideration of" his agreement to the release of claims.

Accordingly, Count II of the Complaint should be dismissed as against Parker, and the Court should direct Plaintiff to re-file an Amended Complaint to specifically exclude Parker and any other individuals who executed valid releases from participating in any purported class action for alleged violations of the NYLL.  *See e.g., Montanez v. Cheesecake Factory Restaurants*, *Inc.*, No. 113CV01262GTSDJS, 2016 WL 1117516 (N.D.N.Y. Mar. 22, 2016), *aff'd sub nom. Montanez v. The Cheesecake Factory Restaurants, Inc.*, No. 16-1130-CV, 2017 WL 421809 (2d Cir. Jan. 31, 2017) (granting employer's motion for judgment on the pleadings or in the alternative, motion to dismiss, plaintiff's Title VII discrimination and retaliation claims because plaintiff executed a knowing and voluntary stipulation of settlement); *see also Brewer v. GEM Indus. Inc.*, No. 1:14-CV-00778 MAD, 2015 WL 773800, at *5-*7 (N.D.N.Y. Feb. 24, 2015) (granting motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) in light of plaintiff's executed voluntary and knowing release, notwithstanding that plaintiff contended he did not have the benefit of counsel and was under medication when he signed the release).

Because Savage's Motion to Dismiss Plaintiff's Complaint is still pending, in part, Savage intends to file a responsive pleading to the First Amended Complaint when its Motion is resolved or as otherwise directed by the Court.  Savage will file its Reply Brief as to this remaining issue on June 26, 2017.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**DLA Piper LLP (US)**

Katharine J. Liao

cc:    All counsel of record (via ECF)