UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

John Parker, and Jamie Bartlett, Individually   :
and on behalf of all others similarly situated,

                                    :

                Plaintiffs,             CIVIL ACTION NO.: 1:17-cv-397

                                    :    (GTS/CFH)

          -against-

Savage Fueling Corporation,                 :

                Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

**DLA PIPER LLP (US)**

Daniel Turinsky
1251 Avenue of the Americas
New York, New York 10020
212.335.4500

Maria C. Rodriquez (Admitted Pro Hac Vice)
Benjamin M. Gipson (Admitted Pro Hac Vice)
Katharine J. Liao (Admitted Pro Hac Vice)
2000 Avenue of the Stars, Suite 400N
Los Angeles, CA 90067-4704
310.595.3000

*Attorneys for Defendant*
*Savage Fueling Corporation*

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT .................................................................................................................................2

    I.     Parker Waived His Right To Seek Relief For Claims Related To His Employment under the NYLL Against Defendant.................................................................................2

    II.    The Release Is Integral To Parker's Complaint and This Court Has Discretion to Convert the Motion to Dismiss into a Motion for Partial Summary Judgment...............4

CONCLUSION..............................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Brewer v. GEM Indus. Inc.*,
   No. 1:14-CV-00778 MAD, 2015 WL 773800 (N.D.N.Y. Feb. 24, 2015)................................4

*Fay v. Petersen Pub. Co.*,
   1990 WL 67397 (S.D.N.Y. May 17, 1990) .............................................................................3

*Laramee v. Jewish Guild for the Blind*,
   72 F. Supp.2d 357 (S.D.N.Y. 1999)........................................................................................4

*Montanez v. Cheesecake Factory Restaurants, Inc.*,
   No. 113CV01262GTSDJS, 2016 WL 1117516 (N.D.N.Y. Mar. 22, 2016), *aff'd sub*
   *nom. Montanez v. The Cheesecake Factory Restaurants, Inc*., No. 16-1130-CV, 2017
   WL 421809 (2d Cir. Jan. 31, 2017) .....................................................................................3, 4

*Pesserillo v. Nat'l Grid*,
   78 F.Supp.3d 551, 553–55 (E.D.N.Y. 2015) ......................................................................4, 5

*Skluth v. United Merch. & Mfr., Inc.*,
   559 N.Y.S.2d 280 (App. Div. 1st Dep't 1990) ......................................................................2

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6).................................................................................................................4

Fed. R. Civ. P. 12(c) .....................................................................................................................4

Defendant SAVAGE FUELING CORPORATION ("Defendant" or "Savage") respectfully submits this reply memorandum of law in further support of its motion to dismiss with prejudice the complaint filed by Plaintiff JOHN PARKER ("Parker"), dated April 10, 2017, and the amended complaint filed by Plaintiffs JOHN PARKER and JAMIE BARTLETT ("Plaintiffs"), dated June 8, 2017, both of which allege claims individually and on behalf of similarly situated persons (collectively referred to as the "Complaint").

## PRELIMINARY STATEMENT

Count II of the Complaint alleging overtime wage violations under the New York Labor Law ("NYLL"), should be dismissed as against Parker because he knowingly and voluntarily executed a valid release waiving any and all claims under the NYLL pursuant to a severance agreement executed on October 10, 2016 (the "Release"). Plaintiffs' arguments that: (1) the title of the release document – "Severance Letter" – changes the enforceability of the release; and (2) the release itself is not integral to Parker's claim under the NYLL are belied by the case law, facts and common sense. Indeed, Parker does not dispute the authenticity or accuracy of the Release, nor does he challenge the fact that he received sufficient consideration in exchange for executing the Release.[1]  In fact, immediately above his signature the Release states that "[t]he terms and provisions of this letter are voluntarily accepted and knowingly agreed to this 10 day of October, 2016."

Although Plaintiffs filed an Amended Complaint on June 8, 2017, the amended pleading does not entirely dismiss Parker from the lawsuit or make clear that he is not a member of the purported class pursuing claims under the NYLL because he executed a valid release agreement

---

[1] Plaintiffs' Opposition makes a passing vague intimation that the Release "*could* very well have been paid . . . for wages already earned."  (Pl. Opp. Br. at 9) (emphasis added).  Yet Parker does not actually state that he did not receive adequate consideration.  His vague implication that consideration is absent should be dismissed outright given the language in the Release.

(nor does it exclude those who have knowingly and voluntarily executed general release agreements). Thus, Count II remains a live, justiciable controversy that has not been rendered moot by the Amended Complaint.

Accordingly, for the reasons stated herein and in Defendant's moving papers, Count II should be dismissed as a matter of law.[2]

## ARGUMENT

### I.  Parker Waived His Right To Seek Relief For Claims Related To His Employment under the NYLL Against Defendant.

Plaintiffs' Opposition attempts to make a distinction without a difference by alleging that the Release should not be considered by this Court because it is not titled a "Release of Claims," a "Waiver and General Release," and/or a "Mutual Consent Release Agreement."  (Pl. Opp. Br. at 8.)  Plaintiffs argue that because the Release is titled "Severance Letter," it should be deemed invalid.  Plaintiffs cite no authority for this proposition, which is plainly inconsistent with applicable law.

Similarly, Plaintiffs argue that release agreements must resolve an actual employment dispute.  This assertion ignores dispositive case law in Defendant's Motion which makes clear that a release executed by an employee as part of his/her separation of employment is valid and binding, regardless of whether a specific employment dispute was pending at the time.  *See e.g., Skluth v. United Merch. & Mfr., Inc.*, 559 N.Y.S.2d 280, 282 (App. Div. 1st Dep't 1990) (release deemed enforceable even though employee was not settling a pre-existing dispute with his employer); *see also Fay v. Petersen Pub. Co.*, 1990 WL 67397, at *3 (S.D.N.Y. May 17, 1990)

---

[2] As Plaintiffs concede in their Memorandum of Law in support of Plaintiffs' Response to Defendant's 12(b)(6) Motion to Dismiss, Count III of the original Complaint should be dismissed in its entirety.  Therefore, Defendant does not address Count III further.

(granting defendant's motion to dismiss where plaintiff signed a release involving "known or unknown claims").

When assessing the enforceability of a release, courts look to the language of the document and consider the "totality of the circumstances" in evaluating whether the release was "knowing and voluntary." *See Brewer v. GEM Indus. Inc.*, No. 1:14-CV-00778 MAD, 2015 WL 773800, at \*5 (N.D.N.Y. Feb. 24, 2015). Here, the two-page Release is clear and concise. It plainly and unambiguously states that Parker:

> "***knowingly and voluntarily release[s], waive[s] and forever discharge[s] Savage***, its shareholders, officers, directors and affiliates from any lawsuits on [Parker's] behalf and all claims, rights and causes of action, known or unknown, arising out of or associated in any way whatsoever with [Parker's] employment or lack thereof with Savage or its affiliates, including but not limited to, claims or rights arising under any and all federal, state or local laws, rules and regulations."  (Emphasis added.)

As Plaintiffs' Opposition makes clear, the Release was not procured by fraud, executed under duress, or otherwise unenforceable. Parker does not dispute its authenticity or accuracy. Immediately above Parker's signature on the Release, it states that "[t]he terms and provisions of this letter are voluntarily accepted and knowingly agreed to this 10 day of October, 2016." *See* Exhibit 1 to the Declaration of Chuck Schwab. The Release also expressly provided Parker with twenty-one (21) days to consider the agreement and seven (7) days to revoke after signing and specifically states that he was given a payment of $2,249.50 plus $173.44 for unused PTO time "***[i]n consideration of***" his agreement to the release of claims. (Ex. 1, p. 2.) (Emphasis added.)

Accordingly, this Court should dismiss Count II of the Complaint as to Parker and all employees who executed valid releases (*i.e.*, releases with sufficient consideration knowingly and voluntarily executed by putative class members). *See e.g., Montanez v. Cheesecake Factory Restaurants, Inc.*, No. 113CV01262GTSDJS, 2016 WL 1117516 (N.D.N.Y. Mar. 22, 2016),

*aff'd sub nom. Montanez v. The Cheesecake Factory Restaurants, Inc.*, No. 16-1130-CV, 2017 WL 421809 (2d Cir. Jan. 31, 2017) (granting employer's motion for judgment on the pleadings or in the alternative, motion to dismiss, plaintiff's Title VII discrimination and retaliation claims because plaintiff executed a knowing and voluntary stipulation of settlement); *see also Brewer*, 2015 WL 773800, at *5-*7 (granting motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) in light of plaintiff's executed voluntary and knowing release, notwithstanding that plaintiff contended he did not have the benefit of counsel and was under medication when he signed the release).[3]

## II.  The Release Is Integral To Parker's Complaint and This Court Has Discretion to Convert the Motion to Dismiss into a Motion for Partial Summary Judgment.

The Release is integral to the Complaint as it memorializes the terms and conditions of Parker's termination, which is explicitly referenced in the Complaint.  In fact, even if not referenced, a court may consider a release on a motion to dismiss because it is integral to the complaint.  *See Montanez*, 2016 WL 1117516, at *6 (specifically finding that a release agreement may be considered).

In *Pesserillo v. Nat'l Grid*, 78 F.Supp.3d 551, 553–55 (E.D.N.Y. 2015), the court squarely addressed whether a release is integral to a plaintiff's complaint, even if not referenced:

> In connection with his separation from employment with Defendant, Plaintiff executed the Agreement at issue.  Plaintiff does not deny that he executed this Agreement.  Yet, despite his clear knowledge of the existence of the Agreement, Plaintiff fails to make any mention of it in his Complaint and, for that reason alone, asserts that the Court should not consider it.

---

[3] Plaintiffs also attempt to distinguish the clear case law preempting claims under the NYLL when valid releases were executed by asserting that the cases Defendant cited in its moving papers involved rulings upon a motion for summary judgment.  This ignores the significant case law dismissing NYLL claims under Fed. R. Civ. Proc. 12(b)(6) or 12(c).  *See also Laramee v. Jewish Guild for the Blind*, 72 F. Supp.2d 357, 359 (S.D.N.Y. 1999) (granting defendant's motion to dismiss because plaintiff waived the allegations in the complaint when she signed the release).

4

> The Court disagrees.  Plaintiff's failure to include matters of which as pleader he had notice and which were integral to his claim-and that he apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on a 12(b)(6) motion.  Given Plaintiff's knowledge of the Agreement and his deliberate decision to omit any reference to it from his Complaint, the Court deems the Agreement incorporated into the Complaint by reference, particularly since it is integral to plaintiff's ability to pursue his cause of action.

*Id.* at 554–55.

Here, as in *Pesserillo*, Plaintiffs' deliberate omission of any reference to the Release in the Complaint cannot save Parker's NYLL claim, given that Parker does not deny that he executed the Release and had knowledge of its existence.  The Release is plainly integral to Parker's ability to pursue a cause of action for alleged violations of the NYLL, and it should be deemed incorporated into the Complaint by reference.

Moreover, and as Plaintiffs note in their Opposition, this Court has significant discretion in deciding whether to convert Defendant's Motion to Dismiss into a Motion for Partial Summary Judgment.  (Pl. Opp. Br. at 7.)  Therefore, even if this Court finds that the Release is not integral to Plaintiffs' Complaint, it should convert the Motion to Dismiss into a Motion for Partial Summary Judgment and dismiss Count II.

## CONCLUSION

Defendant respectfully requests that Count II of the Complaint be dismissed as against Parker, that Plaintiffs re-file an amended complaint consistent with such ruling, and for such other further relief as the Court deems just and proper.

Dated: New York, New York.        Respectfully submitted,
      June 26, 2017

**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
212.335.4500

2000 Avenue of the Stars, Suite 400N
Los Angeles, CA 90067-4704
310.595.3000

By: /s/ Daniel Turinsky

    Daniel Turinsky
    Bar Roll No.: 302639
    Daniel.turinsky@dlapiper.com

    Maria C. Rodriguez
    Admitted Pro Hac Vice
    Maria.rodriguez@dlapiper.com

    Benjamin M. Gipson
    Admitted Pro Hac Vice
    Ben.gipson@dlapiper.com

    Katharine J. Liao
    Admitted Pro Hac Vice
    Katharine.liao@dlapiper.com

    *Attorneys for Defendant*
    *Savage Fueling Corporation*

6